**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **APRIL LACEY,** | )( | |
| | )( | |
| *Plaintiff,* | )( | |
| | )( | |
| **v.** | )( | |
| | )( | **Civil Action No. 3:23-cv-466 (KC)** |
| **UNITED STATE OF AMERICA** | )( | |
| **and MARERLLIS NIX** | )( | |
| | )( | |
| *Defendants.* | )( | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT UNITED STATES OF AMERICA'S MOTION TO TRANSFER VENUE**

## STATEMENT OF ISSUES

1. Whether the Court should grant Defendant's request to transfer this action to the Northern District of Texas or allow Plaintiff to proceed with her case in this District, where venue is proper.

## I. INTRODUCTION

Plaintiff April Lacey files this response in opposition to request of Defendant United States of America ("United States") for transfer of venue to the Northern District of Texas under 28 U.S.C. §1404(a).

## II. FACTUAL BACKGROUND

On December 27, 2023, Plaintiff filed a Complaint against Defendants United States and Marerllis Nix, who was an employee of the United States and its agency, the Bureau of Prisons ("BOP), at the Federal Medical Center Carswell ("FMC Carswell"). The United States moved to transfer venue. (ECF No. 10). Defendant Nix has not answered, as he has not yet been served.[1]

Plaintiff resides in El Paso and was formerly in the custody of the United States at the Federal Medical Center Carswell. Plaintiff brought this action to redress the sexual abuse she endured at the hands of Marerllis Nix, who sexually assaulted her twice at FMC Carswell. Staff at FMC Carswell failed in their duty to protect Plaintiff from sexual assault, despite witnessing actions that raise suspicions of abuse, which require mandatory reporting. After Plaintiff was released to a residential reentry center in New Mexico, she was retaliated against for reporting sexual assault, despite mandatory BOP rules that require employees to ensure victims are not retaliated against. Since being released from federal custody, Plaintiff has sought medical treatment from providers in this District, who will testify as witnesses.

## III. ARGUMENT

Venue in the Western District of Texas, the district where Plaintiff resides, is proper

[1] Following numerous attempts to serve Nix at several locations, Plaintiff filed an unopposed motion to extend the deadline to serve Nix. (ECF No. 17).

pursuant to 28 U.S.C. §1402(b), which governs venue of FTCA claims. The United States has not met its burden to demonstrate that the balance of convenience and justice weigh in favor of transferring this case to the Northern District of Texas. All factors examined in determining whether to grant a transfer of venue under Section 1404(a) support allowing Plaintiff to proceed with litigating her case in this District and denying the United States' request to transfer venue.

The United States argues that this action should be transferred to the Northern District of Texas because 5 of the 8 relevant factors weigh in favor of transfer. However, the ease of access to proof does not favor the Northern District of Texas, as documents are available both in and outside of Fort Worth. The United States does not specifically identify witnesses that reside in the Northern District of Texas, and thus has not met its burden with respect to convenience of witnesses. The plaintiff and several non-party witnesses are either located in this District or outside of Texas. Government employees in Fort Worth may be compelled to testify at trial in this District. This Court is equally familiar with FTCA law. Given the systemic allegations of BOP negligence that caused the sexual abuse of Plaintiff and other women in BOP custody and that Plaintiff resides in El Paso, local interests exist in this District. Finally, the United States fails to meet its burden, nor could it, to show that other factors outweigh Plaintiff's choice to litigate in El Paso.

**A. Legal Standard(s)**

As the United States is a defendant, Plaintiff had two options for venue: (1) the district where the plaintiff resides, or (2) the district where the act or omission occurred. 28 U.S. C. § 1402(b). A district court may transfer venue to another district where the action could have been brought for the convenience of the parties and witnesses, and in the interest of justice. 28 U.S.C. §1404(a). The burden to show that the Court should transfer venue lies with the moving party. *Admiral Ins. Co. v. H & W Indus. Servs., Inc.*, No. EP-10-CV-273-KC, 2010 U.S. Dist. LEXIS

103701, 2010 WL 3909274, at *2 (W.D. Tex. Sept. 30, 2010) (citing *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993)).

In applying Section §1404(a), the Court's first determines whether the case might have been brought in the transferee venue. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*Volkswagen I*); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc) (*Volkswagen II*). Plaintiff concedes she could have filed in the Northern District of Texas.

The Court must next focus on whether the party requesting the transfer has clearly demonstrated the "convenience of parties and witnesses" requires transfer of the action, considering various private and public interests referred to as the *Gilbert* factors. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1974). The Fifth Circuit has cautioned that although the *Gilbert* factors are appropriate for most transfer cases, they are neither exhaustive nor exclusive, and none are of dispositive weight. *Volkswagen II*, 545 F.3d at 315.

The Court examines private and public interest factors to make this determination. Private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I*, 371 F.3d at 203). Public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203).

The Fifth Circuit's rule is that while the plaintiff's choice of venue is not itself a *Gilbert* factor, it places a "significant" burden of proof on the movant to "show good cause for the

transfer." *Volkswagen II*, 545 F.3d at 314 n.10. "[W]hen the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315 (emphasis added). Moreover, there is a strong presumption in favor of a plaintiff's choice of venue, "which may be overcome only when the private and public factors clearly point towards trial in the alternative forum." *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 672 (5th Cir. 2003) (*quoting Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)). "[A] plaintiff's choice of forum is highly esteemed." *Cortez v. Brad Drake Constr., LLC*, No. EP-15-CV-346-KC, 2016 U.S. Dist. LEXIS 45070, at *6 (W.D. Tex. Apr. 4, 2016) (citing *Vasquez*, 325 F.3d at 672 and *Schexnider v. McDermott Int'l, Inc.*, 817 F.2d 1159, 1163 (5th Cir. 1987)).

**B. Private Factor 1: Ease of Access to Sources of Proof**

To meet its burden, a defendant must make "an *actual showing* of the existence of relevant sources of proof" in the transferee venue, "not merely an expression that some sources likely exist in the prospective forum." *Donegan v. Toro Co.*, No. EP-22-CV-00332-DCG, 2023 U.S. Dist. LEXIS 97016, at *9 (W.D. Tex. June 5, 2023). An assertion that "the records . . . were created and maintained" at a location in the transferee venue without an accompanying declaration that "expressly" states so is insufficient. *Id.* "When considering a motion to transfer venue, the location of books and other records is usually given little weight, unless the documents 'are so voluminous [that] their transport is a major undertaking.'" *Acosta v. United States*, EP-01-CA-007-DB, 2001 U.S. Dist. LEXIS 23077, at *9 (W.D. Tex. Sep. 21, 2001) (quoting *Gardipee v. Petroleum Helicopters, Inc.,* 49 F. Supp. 2d 925, 931 (E.D. Tex. 1999). The United States asserts that documentary proof is "likely to be at FMC Carswell in Fort Worth" and provided no declaration with specific information or statement that obtaining records would be impractical. (ECF No. 10 at 8). Accordingly, the United States has not met its burden.

Sources of proof lie outside the Northern District of Texas and FMC Carswell. Plaintiff has obtained some of her Bureau of Prison records through the BOP's Freedom of Information Act unit, which is in Washington, D.C. and this unit has produced BOP records to Plaintiff. BOP records are also stored on electronic databases, which are accessible nationwide and allow ease of access to transfer. Furthermore, Plaintiff's complaint contains numerous facts that demonstrate sources of proof exist outside of Fort Worth. For instance, Plaintiff alleges failures of not only FMC Carswell employees but also BOP employees and leaders outside of FMC Carswell, which have been the subject of numerous investigations and reports. *See, e.g.*, (ECF No. 1 ¶¶ 92-109). Sources of proof for allegations would lie with numerous government agencies and sub-agencies.

**C. Private Factors 2 and 3: Compelling Witness Attendance and Cost of Attendance for Witnesses.**

The second private factor—the ability to compel witness attendance—receives less weight when a party "has not alleged or shown that any witness would be unwilling to testify." *Donegan*, 2023 U.S. Dist. LEXIS 97016, at *11. Furthermore, government witnesses are employees of the United States and may thus be compelled to testify as a condition of their employment. *See id.* at *14; *see also Mateos v. Select Energy Servs., L.L.C.*, 919 F. Supp. 2d 817, 822 (W.D. Tex. 2013) (noting that when witnesses are employees of the moving party, courts are less likely to transfer venue for the convenience of those witnesses).

As Federal Rule of Civil Procedure 45 provides that the Court may command a person who "resides, is employed, or regularly transacts business in Texas" to attend trial in El Paso if that person "would not incur substantial expense." FED. R. CIV. P. 45(c)(1)(B). The United States has not identified a single non-party witness who does not reside or work in Texas, and, under Rule 45(c)(1)(B), this court has subpoena power over each such witness. While the United States argues that it cannot compel retired or former government employees to testify in this case, the United

States does not identify retired or former witnesses. Here, witnesses who are employees of the United States may be compelled to testify even if they reside outside of Texas.

As for compelling attendance of witnesses who are not United States employees, most or all of these witnesses reside in this District. While the United States argues that it cannot compel attendance of Plaintiff's third-party medical providers in El Paso—and can only do so in Fort Worth—this is incorrect. Plaintiff's medical providers are located in El Paso. The United States may call these providers to testify in this District, not the transferee district. As for compelling attendance of BOP employees who worked at Carswell at the time of the incident, Defendant has not alleged that specific employees continue to work at Carswell or in the Northern District. Federal prisons are located throughout the United States, and FMC Carswell witnesses may have transferred their employment to another federal prison before they are called to testify.

When a movant requests transfer for the convenience of witnesses, "[t]he movant must specifically identify the key witnesses and outline the substance of their testimony." *Acosta*, 2001 U.S. Dist. LEXIS 23077, at *8 (quoting *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *see also Hupp v. Siroflex of Am., Inc*., 848 F. Supp. 744, 749 (S.D. Tex. 1994). When a defendant fails to identify the witnesses it intends to call at trial, the defendant has failed to meet the burden as to the convenience of witnesses factor. *Acosta*, 2001 U.S. Dist. LEXIS 23077, at *8 ("Since the Defendant has identified no witnesses, the Court finds that it has failed to meet its burden as to this factor.").

Here, the parties can conduct depositions virtually, which reduces costs and inconvenience to witnesses. The United States has not specifically identified any witnesses it intends to call at trial and the substance of their testimony, aside from "third party medical providers," and thus, the United States has not met its burden as to this factor. *See Acosta*, 2001 U.S. Dist. LEXIS 23077,

at *8. The availability of nonstop flights between El Paso and Fort Worth has been found relevant to the determination of cost of witnesses. *Donegan*, 2023 U.S. Dist. LEXIS 97016, at *13. For witnesses who live outside of the district where a case was filed and a transferee district, the distance witnesses would travel to either district is relevant. *Id.* at *11.

El Paso is more convenient to Plaintiff and her medical provider witnesses, as they reside in this District. While many events at issue in this case occurred in Fort Worth, acts and omissions also occurred in Las Cruces, New Mexico. (ECF No. 1 ¶¶ 15, 50-52). The El Paso division is more convenient for these witnesses, as Las Cruces is less than 50 miles from El Paso. In contrast, Fort Worth is approximately 650 miles from Las Cruces, and direct flights appear to be unavailable between Las Cruces and Fort Worth.

**D. Public Factor 2: Local Interest**

The United States argues that local interests solely lie in the Northern District of Texas because "all operative facts occurred at FMC Carswell" and the only connection to this District is Plaintiff's residence. (ECF No. 10. at 7-8). In *Volkswagen I*, the Fifth Circuit found localized interest weighed in favor of transfer to the Western District because the Western District was the district where the plaintiff resided, where the events took place, and where the "entirety of the witnesses" were located. *Volkswagen I*, 371 F.3d at 206.

A local interest affects citizens of El Paso, Fort Worth, and others outside of Texas. Here, Plaintiff resides in El Paso. As mentioned, certain events took place in New Mexico and there were failures of the BOP outside of FMC Carswell that caused Plaintiff's injury. While Fort Worth undoubtedly has an interest in the outcome of this case, so do many other communities, including El Paso. The scope of sexual abuse of women in federal custody and BOP employee misconduct affects people nationwide and has been the subject of congressional hearings and investigations.

### E. Public Factor 3: Familiarity of the Forum with Governing Law

As the United States concedes, this District and the Northern District of Texas are equally capable of applying FTCA law. When both district are "equally capable of applying the relevant law," this factor "bears no weight." *Cortez*, 2016 U.S. Dist. LEXIS 45070, at *10. Accordingly, this factor does not weigh in favor of transfer. While the United States argues that the Northern District of Texas has familiarity arising from similar allegations of sexual abuse at FMC Carswell, this is an issue of fact, not application of governing FTCA law.

### F. Private Factor 4 and Public Factors 1 and 4.

The United States does not argue the remaining three factors weigh in the interest of transfer. It does not argue that administrative difficulties exist. Nor does the United States identify other practical problems that would make trial easier, more expeditious, and less expensive in Fort Worth. There is no conflict of law or issue of application of foreign law that weighs in favor of El Paso versus Fort Worth. The United States does not argue otherwise.

### G. Plaintiff's Choice

Plaintiff chose to file this action in the Western District of Texas. Plaintiff's choice of forum is "highly esteemed." The Court may only transfer venue if the private and public interest factors "clearly point" to the Northern District of Texas. *See Cortez*, 2016 U.S. Dist. LEXIS 45070, at *6; *see Robertson v. Kiamichi R.R. Co.*, 42 F. Supp. 2d 651, 656 (E.D. Tex. 1999). While the United States acknowledges that Plaintiff's choice of forum is highly esteemed, the United States argues this factor should be afforded diminished weight. The Court, however, must not diminish the weight of Plaintiff's choice in applying the transfer of venue factors and instead must consider whether private and public interest factors clearly outweigh Plaintiff's choice. Here, these factors done not. As the United States has not met its burden to demonstrate that Fort Worth is clearly

more convenient than El Paso, transfer must be denied. *Volkswagen II*, 545 F.3d at 315.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that the Court deny Defendant United States of America's motion to transfer venue and retrain this case for trial in the El Paso division of the Western District of Texas. the Defendants' Joint Motion to Transfer Venue in all respects and retain this case for trial in the Austin division of the Western District of Texas and plaintiff further requests all other relief to which he is entitled.

Dated: April 2, 2024
Houston, Texas

Kallinen Law PLLC

*/s/ Randall L. Kallinen*
Randall L. Kallinen
State Bar of Texas No. 00790995
511 Broadway Street
Houston, Texas 77012
Telephone: 713/320-3785
FAX: 713/893-6737
E-mail: AttorneyKallinen@aol.com

Dated: April 2, 2024
New York, NY 10016

Beldock Levine & Hoffman, LLP

/s/ *Regina Powers*

______________________________

Regina Powers, New York Bar # 5779988
David B. Rankin (pro hac vice forthcoming)
99 Park Avenue, PH/26th Floor
New York, New York 10016
Phone: 212-277-5892
Fax: 212-277-5892
rpowers@blhny.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of April, 2024, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will transmit notification of such filings to the following CM/ECF participant: Natashia D. Hines, Assistant United States Attorney, *Attorneys for Defendant United States of America*.

*/s/ Regina Powers*
______________________
Regina Powers