**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **APRIL LACEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-23-CV-466-KC** |
| | § | |
| **UNITED STATES OF AMERICA and MARERLLIS NIX,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**ORDER**

On this day, the Court considered Defendant United States of America's Opposed Motion to Extend Stay ("Motion"), ECF No. 43. This case arises from an alleged sexual assault committed by Defendant Marerllis Nix against Plaintiff April Lacey while she was an inmate in federal prison. *See generally* Compl., ECF No. 1. The United States represents that Nix was recently convicted and sentenced to twenty-seven months of imprisonment in a related criminal case in the United States District Court for the Northern District of Texas on two counts of Sexual Abuse of a Ward, in violation of 18 U.S.C. § 2243(b). Mot. 1–2. Nix then filed a Notice of Appeal and a Motion for Continued Release Pending Appeal. *Id.* at 2. Nix's Motion for Continued Release Pending Appeal has been denied. Electronic Order, *United States v. Nix*, 25-cr-116 (N.D. Tex. Jan. 7, 2026), ECF No. 101. The United States seeks to extend the current stay in this civil matter until the criminal proceedings "fully conclude." Mot. 2. Plaintiff "strongly opposes" an extension of the stay and argues that any "factors which may have once warranted a stay of this case no longer support a stay following Defendant Nix's conviction and sentence." Resp. 2–3, ECF No. 44.

Courts have discretion "to stay civil litigation in deference to parallel criminal proceedings" if the interests of justice require. *United States v. Simcho*, 326 F. App'x 791, 792 (5th Cir. 2009) (quotation omitted). But a stay is not a constitutional right. *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970). Thus, "[t]he simultaneous prosecution of civil and criminal actions is generally unobjectionable" and "a stay of civil proceedings due to pending criminal investigation is an extraordinary remedy, not to be granted lightly." *Simcho*, 326 F. App'x at 792–93 (quotations omitted). In determining whether a stay is warranted, courts consider six factors: (1) the extent to which the issues in the criminal case overlap with the issues in the civil case; (2) the status of the criminal case; (3) the private interests of the plaintiff; (4) the private interests of the defendant; (5) the court's interest; and (6) the public interest. *Alcala v. Tex. Webb Cnty.*, 625 F. Supp. 2d 391, 413 (S.D. Tex. 2009) (collecting cases).

As to the overlap of issues, Nix's conviction stems from substantially similar conduct giving rise to the present suit, albeit regarding a different victim. *See* Mot. 2; Resp. 3–4. Thus, there may be significant overlap between the issues in this case and Nix's criminal proceedings. But because Nix has already been convicted, the danger of self-incrimination present with parallel ongoing civil and criminal proceedings has lessened. *See Smith v. Hatchett*, No. 23-cv-588, 2024 WL 4753284, at * 1 (S.D. Miss. Nov. 12, 2024).

Next, Nix has been convicted and sentenced, and the status of his case is on appeal. The majority of courts that have considered lifting a stay in a civil case pending the appeals process in related criminal proceedings have found that a stay is no longer necessary. *See Smith*, 2024 WL 4753284, at *2; *SEC v. Braslau*, No. 14-cv-1290, 2015 WL 9591482, at 2–3 (C.D. Cal. Dec. 29, 2015) (collecting cases); *Jenkins v. Miller*, No. 12-cv-184, 2017 WL 1052582, at * 4 (D. Vt. Mar. 20, 2017) ("[T]he status of a defendant's criminal case weighs strongly against granting a

stay when the defendant has already been tried, convicted and sentenced.") (citations omitted); *Am. Senior Communities, LLC v. Burkhart*, No. 17-cv-3273, 2019 WL 415614, at *3 (S.D. Ind. Feb. 1, 2019) ("The post-conviction posture of the criminal proceedings weighs against a stay."); *In re Valeant Pharm. Int'l Inc.*, No. 15-cv-7658, 2019 WL 1578677, at *4 (D.N.J. Apr. 12, 2019); *Fed. Trade Comm'n v. Mytel Int'l Inc.*, No. 87-cv-7259, 2022 WL 2101898, at *2 (C.D. Cal. Apr. 14, 2022). The Court finds these cases persuasive.

Indeed, in the post-conviction context "courts weigh the likelihood that a conviction will be reversed on appeal and that a new trial will be granted in deciding whether to stay a civil case at this late stage." *Jenkins*, 2017 WL 1052582, at *4. Here, Nix's appeal will likely challenge the application of the sentencing guidelines, arguing for a lower sentence, and the admission of certain evidence as unduly prejudicial. Mot. Continued Release 6–8, *United States v. Nix*, 25-cr-116 (N.D. Tex. Jan. 7, 2026), ECF No. 99. Nothing in the record before the Court demonstrates that Nix is likely to succeed on his appeal, or more importantly—that a new trial is likely. Therefore, the status of the case weighs against continuing the stay.

As to the last four factors, Plaintiff has a strong interest in the speedy resolution of her case, which has now been pending for over two years. *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F.Supp.2d 758, 763 (W.D. Tex. 2008). The United States, however, has not made a specific showing of any harm it will suffer without a stay. *See generally* Mot. And "the Court has an interest in moving its cases 'to an expeditious conclusion.'" *Smith*, 2024 WL 4753284, at *2 (quotation omitted). Lastly, the public has an interest in the prompt resolution of both criminal and civil cases, and there is no reason to believe the public would benefit from continued stay of this case. *See Alcala*, 625 F. Supp. 2d at 414. Thus, all factors weigh in favor of lifting the stay.

Accordingly, the United States' Motion, ECF No. 43, is **DENIED**.

**IT IS FURTHER ORDERED** that the stay of the proceedings is **LIFTED**.

**IT IS FURTHER ORDERED** that the parties shall meet, confer, and submit a joint report of parties' planning meeting as specified in the Court's Standing Order on Pretrial Deadlines **no later than January 29, 2026**.

**IT IS FURTHER ORDERED** that the United States' Motion to Dismiss, ECF No. 26, is **DENIED** without prejudice to refiling.[1]

**SO ORDERED**.

**SIGNED this 15th day of January, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

[1] Considering that this motion was filed over two years ago, and that Nix has now been convicted, the Court finds it appropriate to exercise its case management discretion to deny the motion without prejudice to refiling, both in the interest of judicial economy and to provide the United States with the opportunity to revise its arguments if desired.